## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HAROLD M. NYANJOM,      )
                                    )
               Plaintiff,    )
                                    )
vs.                               )     Case No. 12-1461-JAR-KGG
                                    )
HAWKER BEECHCRAFT, INC.,   )
                                    )
              Defendant.   )
_____)

## ORDER ON MOTION TO PROCEED
## <u>WITHOUT PREPAYMENT OF FEES</u>

In conjunction with his federal court Complaint alleging employment discrimination (Doc. 1), Plaintiff Harold M. Nyanjom has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1).  Plaintiff initially filed this matter in the United States District Court for the Southern District of New York. (*See* Doc. 2.)  The matter was subsequently transferred to the District of Kansas, after a determination that this was the proper venue.  As such, Plaintiff used the *IFP* application supplied by the Southern District of New York, which is not as detailed as that used by the District of Kansas.  The Court notes that Plaintiff has filed a related matter in this Court against the same Defendant.  *See* 6:12-cv-1438-JTM-KGG.  The Court will, therefore, use the District of Kansas *IFP* application

filed in that matter (12-1438, Doc.3, sealed) to supplement the information contained in the *IFP* application used herein.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit and accompanying documentation filed in case 12-1438-JTM-KGG, Plaintiff indicates he is 44 years old, married, with two minor children who he supports financially.  (Doc. 3-1, at 1-2.)  His wife does not work outside the home.  Plaintiff is currently unemployed and was most

recently employed by Defendant.  (*Id*., at 2-3.)  He lists a sizeable monthly income in the form of Social Security benefits, as well as an amount in the category of "[p]ensions, trust funds, annuities or life insurance payment."  (*Id*., at 5.)

Plaintiff and his spouse do not own real property.  (*Id*., at 3.)  He does, however, own three modest automobiles, with an estimated value of $3,000.00. (*Id*., at 4.)  He lists reasonable amounts for typical monthly expenses, including rent, grocery expense, utilities, insurance, etc.  (*Id*., at 5.)  His expenses are not greater than his listed monthly income, although the difference is only a couple hundred dollars a month.  He also indicates an amount of cash on hand.  (*Id*., at 4.) While this amount would be enough to cover the Court's filing fee, the Court does not find this money to be a factor considering Plaintiff's status as head of a household with minor children and numerous monthly expenses.  Plaintiff has previously filed for bankruptcy.  (*Id*., at 6.)

Considering all of the information contained in the financial affidavit, the Court finds that Plaintiff has adequately established that he is entitled to file this action without payment of fees and costs.  Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 9th day of January, 2012.

s/Kenneth G. Gale

KENNETH G. GALE

United States Magistrate Judge