# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HAROLD M. NYANJOM, )
)
Plaintiff, )
)
vs. ) Case No. 12-1461-JAR-KGG
)
HAWKER BEECHCRAFT, INC., )
)
Defendant. )
)

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging employment discrimination (Doc. 2)[1], Plaintiff Harold M. Nyanjom filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 1, sealed). The undersigned Magistrate Judge found that Plaintiff adequately established that he is entitled to file this action without payment of fees and costs, and granted him leave to proceed *in forma pauperis*. (Doc. 10.)

This case was subsequently subject to a stay pending resolution of the bankruptcy of Defendant Hawker Beechcraft Corp. (Doc. 12, text entry.) That bankruptcy stay has recently been lifted, allowing Plaintiff to pursue the claims in this action. (Doc. 30, text entry). This matter comes before the Court on

---

[1] Plaintiff initially filed this matter in the United States District Court for the Southern District of New York. (*See* Doc. 2.) The matter was subsequently transferred to the District of Kansas, after a determination that this was the proper venue.

Plaintiff's Motion to Appoint Counsel (Doc. 28), which the Court will now address.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

By granting Plaintiff's request for *IFP* status, the Court acknowledges he cannot afford counsel, establishing the first *Castner* factor. (*See* Doc. 10.) In regard to the second *Castner* factor, Plaintiff does not include the necessary list of attorneys he has contacted. In the other case Plaintiff brought against this Defendant (hereinafter "companion case"), he attached correspondence from

numerous attorneys (who have chosen not to represent him), constructively establishing that he has searched for counsel. (*See e.g.,* No. 12-1438-JTM-KGG, Doc. 4, at 2-12.) Given the finding of "reasonable cause to believe that a violation of the law has occurred" made by the EEOC (Doc. 2, at 7-8), the Court does not see any facial deficiencies regarding the merits of Plaintiff's claims. Thus, the third *Castner* factor is not implicated.

In considering the final *Castner* factor, Plaintiff's capacity to represent himself, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex. See **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

In the companion case, the undersigned Magistrate Judge initially denied Plaintiff's request for counsel. (No. 12-1438-JTM-KGG, Doc. 6.) Upon request for reconsideration, the Court granted Plaintiff's request because of Plaintiff's blindness combined with legal complications posed by Defendant's bankruptcy. (*See* No. 12-1438-JTM-KGG, Doc. 13.) The Court specifically stated, however,

that Plaintiff's blindness did not entitle him to counsel.

> Plaintiff has now informed the Court that he is blind. (Doc. 9, at 1.) This obviously complicates his ability to conduct the necessary legal research and serves as a basis to distinguish Plaintiff from other *pro se* litigants. The Court is not finding that Plaintiff's blindness, in and of itself, entitles him to appointment of counsel. Rather, the Court has various types of assistance available for litigants with disabilities. Taken in conjunction with Defendant's bankruptcy, however, the Court finds that the appointment of counsel in this matter is appropriate.

(Doc. 13, at 3.)[2]

In the matter currently before the Court, a Bankruptcy Stipulation has been entered, allowing Plaintiff to pursue this cause of action. (Doc. 29.) As such, the legal complications caused by a pending bankruptcy are no longer a consideration in this case. The Court therefore finds that Plaintiff's request for counsel should be **DENIED**. Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel. Further, Plaintiff has proven that he is an articulate individual, capable of presenting facts and legal argument in support of his claims. (*See generally* Doc. 31.)

---

[2] The Court notes that this Memorandum and Order was almost immediately withdrawn by the Undersigned Magistrate, constructively denying Plaintiff's request for counsel, in light of the District Court's subsequent Order to Show Cause indicating that the Chapter 11 Reorganization Plan entered by the Bankruptcy Court enjoined and precluded Plaintiff from continuing with that case. (No. 12-1438-JTM-KGG, at 14.)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 31) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 17th day of July, 2013.

                                             S/ KENNETH G. GALE
                                             KENNETH G. GALE
                                             United States Magistrate Judge