# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HAROLD M. NYANJOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1461-JAR-KGG |
| | ) |
| HAWKER BEECHCRAFT, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION FOR RECONSIDERATION OF
## MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging employment discrimination (Doc. 2)[1], Plaintiff Harold M. Nyanjom filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 1, sealed). The undersigned Magistrate Judge found that Plaintiff adequately established that he is entitled to file this action without payment of fees and costs, and granted him leave to proceed *in forma pauperis*. (Doc. 10.)

Following the resolution of the bankruptcy of Defendant Hawker Beechcraft Corp. (Doc. 12, text entry), the undersigned Magistrate Judge denied Plaintiff's Motion to Appoint Counsel (Doc. 28), finding that Plaintiff is an articulate

---

[1] Plaintiff initially filed this matter in the United States District Court for the Southern District of New York. (*See* Doc. 2.) The matter was subsequently transferred to the District of Kansas, after a determination that this was the proper venue.

individual, capable of presenting facts and legal argument in support of his claims. (Doc. 34.) As such, Plaintiff did not meet the final criteria for the appointnent of counsel required by *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

Plaintiff now moves the Court to reconsider the decision denying his request for appointed counsel. (Doc. 41.) Plaintiff's motion contains abundant legal authority to support his request for counsel. (*See generally* Doc. 41.) Unfortunately for Plaintiff, the authority he cites is from other Circuits and/or predates the *Castner* decision. Plaintiff has provided no legal authority or valid argument for the Court to disregard the commonly accepted criteria contained in *Castner* – criteria which Plaintiff does not meet. The Court is satisfied that Plaintiff is capable of presenting facts and legal argument to represent himself in this matter just as countless other *pro se* parties do in federal court litigation on any given day in this country.

The Court is sympathetic to Plaintiff's situation as an individual untrained in the law. As stated previously, however, "while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel." (Doc. 34, at 4.) The realities of the legal profession – and the limited availability of willing legal professionals in this District – make it impossible for the Court to

provide an attorney to each of the many *pro se* litigants requesting appointed counsel each year. As this Court has previously stated,

> thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

(Doc. 34, at 2.)

Further, as a general rule, Plaintiff has no constitutional right to appointed counsel in a civil matter – particularly an employment discrimination case he has chosen to initiate himself. *See **Nelson v. Boeing Co***., 446 F.3d 1118, 1120–22 (10th Cir.2006) (stating that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in Title VII cases). In other words, Title VII grants litigants only a statutory right to *request* appointed counsel at court expense. *Id.*, at 1120.

The Court is aware, and sympathetic, of Plaintiff's blindness. This does not *per se* entitle him to appointment of counsel for the simple reason that the type of assistance Plaintiff's blindness may require does not necessitate a law degree. That stated, the Court will, however, entertain requests from Plaintiff for assistance

directly relating to his blindness.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Reconsideration on Order on Motion for Appointment of Counsel" (Doc. 41) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 1st day of August, 2013.

                              S/ KENNETH G. GALE
                              KENNETH G. GALE
                              United States Magistrate Judge