IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| HAROLD M. NYANJOM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 12-1461-JAR-KGG |
|  | ) |  |
| HAWKER BEECHCRAFT CORPORATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## MEMORANDUM AND ORDER

This employment discrimination action was originally filed in the United States District Court for the Southern District of New York; it was transferred on December 11, 2012. The case was stayed pending resolution of Defendant Hawker Beechcraft Corporation's ("Hawker Beechcraft") bankruptcy from January 22, 2013 until May 29, 2013, after the Court was advised that Plaintiff Harold M. Nyanjom, proceeding pro se and in forma pauperis, had been granted relief from the bankruptcy court in order to pursue his cause of action before this Court. Defendant filed its Answer on July 22, 2013, and the case proceeded to a scheduling conference and discovery. Before the Court is Plaintiff's Motion to Strike Portions of Defendant's Answer and Affirmative Defenses (Doc. 43). The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, Plaintiff's motion is denied.

**I.      Background**

Plaintiff filed his pro se Complaint on November 27, 2012, alleging claims for discrimination, retaliation, and failure to accommodate against his former employer, Hawker

Beechcraft, under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Attached to the Complaint are 129 pages worth of exhibits. Plaintiff filed his Complaint in the Southern District of New York because Hawker Beechcraft had declared Chapter 11 Bankruptcy in that district. Finding venue lies in the District of Kansas, the Southern District of New York transferred this matter on December 11, 2012. Judge Gale granted Plaintiff leave to proceed in forma pauperis.

On January 18, 2013, Hawker Beechcraft filed a Suggestion of Bankruptcy and this Court promptly ordered the case stayed pending resolution of the bankruptcy case. On February 28, 2013, Defendant filed a Status Report with the Court, advising that the United States Bankruptcy Court for the Southern District of New York had confirmed the Chapter 11 Plan of Reorganization, which, among other things, provided for a discharge of Hawker Beechcraft from debts and claims that arose before February 1, 2013, in exchange for the distributions, rights, and treatment provided in the Plan. Defendant contended that Plaintiff was enjoined and precluded under the confirmed Plan from continuing the causes of action in this matter. The automatic stay was lifted on February 15, 2013.

The Court entered an Order and Notice to Show Cause why Plaintiff's claims were not precluded under the Bankruptcy Plan, Plaintiff responded, and Defendant sought and received several extensions of time to reply. On May 20, 2013, Defendant filed a Bankruptcy Stipulation, approved by the Bankruptcy Court, which modified the Plan injunction for the limited purpose of permitting Plaintiff to proceed with this litigation so that the value of his claim could be liquidated. Counsel for Defendant contacted the Court by e-mail on May 22, 2013, to advise that the Stipulation was on file, and inquired as to whether Judge Robinson would be issuing "some

sort of order telling us to go forth and litigate, or should we go ahead and get an Answer on file without that happening."[1] Counsel was advised that Judge Gale's chambers had been notified about the stipulation and that he should be contacting the parties soon to set a scheduling or status conference. This Court issued an Order on May 29, determining that the case should not be dismissed and should proceed with pretrial matters and proceedings. On July 18, Judge Gale issued a notice of hearing for a scheduling conference on August 21. On July 22, Defendant filed its Answer and Affirmative Defenses ("Answer") (Doc. 36).

Plaintiff now moves to strike the Answer, arguing that the Answer: (1) is untimely; (2) fails to properly respond to certain issues; (3) contains statements that are not supported by record references, are not fair or complete statements of the facts, or contain disputed facts that are not stated in the light most favorable to Plaintiff.

## II. Standard for Striking a Pleading

Under Fed. R. Civ. P. 12(f), the Court may strike an insufficient defense from a pleading, or "any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are generally disfavored because striking an entire pleading is a drastic remedy and such a motion is often brought as a dilatory tactic.[2] "The Court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and are likely to cause prejudice to one of the parties."[3]

---

[1] Doc. 57, Ex. 1.

[2] *See A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1766067, at *1 (D. Kan. May 9, 2011).

[3] *Sellers v. Butler*, No. 02-3055-DJW, 2006 WL 2873470, at *1 (D. Kan. Oct. 5, 2006) (footnote and citations omitted).

3

**III.    Discussion**

   **A.    Timeliness**

Plaintiff first argues that the Answer should be stricken as untimely. Generally, a responsive pleading must be filed within twenty-one days after service of the summons and complaint.[4] The procedural history of this case complicates application of this deadline. Defendant filed its Suggestion of Bankruptcy the day after service of the Complaint, on January 18, 2013. The automatic bankruptcy stay was in place until February 15, 2013, during which time Defendant could not answer. This Court later issued a Notice and Order of Show Cause, which was not resolved until its Order of May 29, 2013, that the case should not be dismissed and should proceed. Defendant filed its Answer on July 22, 2013, well beyond the twenty-one-day deadline that would have been triggered by the Court's May 29 Order. But the fact that the Answer was untimely does not end the inquiry. Defendant asks the Court to allow the Answer to be filed out of time because the delay was excusable.

A request to file out of time requires a showing of excusable neglect.[5] Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[6] The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including, (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reasons for the delay which

---

[4] Fed. R. Civ. P. 12(a).

[5] *See* Fed. R. Civ. P. 6(b)(1)(B); D. Kan. R. 6.1(a).

[6] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

includes whether it was within the reasonable control of the party seeking to show excusable neglect, and (4) whether that party acted in good faith.[7]

The Court agrees that the delay here was excusable and therefore grants Defendant's request for leave to file the Answer out of time. Counsel for Defendant contacted the Court to inquire as to whether the Court would issue an order accepting the stipulation and directing the litigation to proceed. Defendant was advised that Judge Gale would be contacting the parties regarding status and scheduling, and counsel awaited that order. While Defendant was certainly never advised *not* to filed its Answer until hearing from Judge Gale's chambers, it appears that Defendant misunderstood the clerk's direction. Within days of receiving the notice of hearing for the scheduling conference, Defendant filed the Answer. The delay was only about one month, during which time several motions by Plaintiff were filed and decided by Judge Gale, unrelated to the pleadings.

There is no showing of prejudice. The Answer was filed well before the report of parties planning meeting deadline and the scheduling conference. And given the significant communication between the parties in reaching the stipulation during the period of stay, the danger of surprise and risk of prejudice in this one-month delay is negligible. Finally, the Court is convinced that Defendant acted in good faith, believing it should wait for further instruction from the Court before proceeding to file a responsive pleading. Considering all of the relevant circumstances, the Court finds Defendant's delay in filing the Answer was excusable neglect and leave is granted to file it out of time.

B.     **Substantive Challenges to the Answer**

---

[7]*Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041, 1046 (10th Cir. 1994).

Plaintiff's remaining arguments on the motion to strike challenge both the general denials and defenses included in the Answer. Paragraphs 1 through 11 of the Answer contain Defendant's responses to the assertions contained in Plaintiff's Complaint. Plaintiff challenges paragraphs 1, and 4 through 11. Rule 8(b)(1) provides that an answer must "state in short and plain terms its defenses to each claim asserted against it, and []admit or deny the allegations asserted against it by the opposing party." Subsection (b)(5) instructs that if a party "lacks knowledge or information sufficient to form a belief about the truth of an allegation," it "must so state, and the statement has the effect of a denial."

The Court has reviewed Plaintiff's arguments and finds no basis to strike the Answer as to these paragraphs. They each comply with the minimal pleading requirements set forth in Rule 8(b)(1). No evidence is required at the pleading state, and there is no requirement that Defendant set forth its denials as to Plaintiff's allegations in the light most favorable to Plaintiff.[8] The purpose of the pleadings is to provide notice of each party's position on the allegations involved in the case to enable them to conduct discovery and make strategic decisions as to how to proceed. The pleadings do not establish at this stage of the proceedings that any averments therein are undisputed or material. To the extent either party seeks to litigate the merits of the allegations, admissions, or denials set forth in the pleadings, they should do so through a properly supported dispositive motion. Plaintiff's arguments go to the merits of the claims and defenses in this case, rather than to the sufficiency of the Answer under Rule 8. They are insufficient to warrant striking the Answer, as he makes no showing of prejudice, nor that the allegations have no possible relation to the controversy. Therefore, the motion to strike is denied

---

[8] Rule 8(e) provides that pleadings are to be construed "so as to do justice."

as to paragraphs 1 through 11.

Paragraphs 12 through 28 of the Answer contain Defendant's affirmative and other defenses. In the motion to strike, Plaintiff provides general denials and responses to these paragraphs. The Court has reviewed these defenses and finds that they satisfy the requirement in Rule 8(c) that Defendant "affirmatively state any avoidance or affirmative defense." "'Rule 8(c)'s ultimate purpose is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'"[9] Defendant has stated each of its defenses with enough detail to provide Plaintiff notice that the issue may be raised at trial. Plaintiff's responses to each of these defenses are not well taken. For example, he responds to the affirmative defense of failure to state a claim upon which relief may be granted by referring the Court to an exhibit to his Complaint. This is insufficient to put this defense before the Court for adjudication, or to challenge the basis for this affirmative defense. Likewise, Defendant states the defense that Plaintiff's claims were not administratively exhausted, to which Plaintiff responds that the Stipulation by the Bankruptcy Court provides jurisdiction. This response does not call into question the sufficiency of Defendant's responsive pleading on this defense. To the extent jurisdiction or the sufficiency of a claim or defense is a pretrial issue, it should be presented by Defendant through a dispositive motion, to which Plaintiff may respond. Defendant is not required under Rule 8 to provide citations or record evidence in support of the contentions in its pleading.

In short, the Court has reviewed the Answer and finds that it comports with the minimal pleading requirements of Rule 8(b) and (c). While Plaintiff's responses to the general denials

---

[9]*Eagle Well Serv., Inc. v. Central Power Sys. & Servs., Inc.*, No. 08-2184-CM, 2009 WL 2776878, at *1 (D. Kan. Aug. 28, 2009) (quoting *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009)).

and defenses are noted for the record, his motion to strike does not establish that any of the challenged paragraphs are redundant, immaterial, impertinent, or scandalous. Nor has Plaintiff shown that the challenged statements are unrelated to this case, or are likely to cause prejudice. The Answer fulfills the purpose of Rule 8 to put Plaintiff on notice as to whether Defendant admits or denies the allegations set forth in the Complaint, and its defenses. The motion to strike is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Strike Portions of Defendant's Answer and Affirmative Defenses (Doc. 43) is **denied**.

**IT IS SO ORDERED**.

Dated: November 12, 2013

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE