# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HAROLD M. NYANJOM, )
)
                Plaintiff, )
)
vs. ) Case No. 12-1461-JAR-KGG
)
HAWKER BEECHCRAFT, INC., )
)
                Defendant. )
)

## ORDER ON MOTION FOR LEAVE TO FILE
## FIRST AMENDED COMPLAINT

Plaintiff files the present Motion for Leave to File First Amended Complaint for "greater specificity and [to] assert additional clarification about the nature of his legal claim (as determined by KHRC and EEOC), that Defendant . . . violated employment laws relative to ADA, by discriminating against him due to his disability, denying him reasonable accommodation and not offering him alternative jobs were [sic] available." (Doc. 64-1, at 1.) In reality, Plaintiff seeks to allege new causes of action under Executive Order 11246, Section 503 and 504 of the Rehabilitation Act, Title VII of the Civil Rights Act of 1964, the Employee Retirement Income Security Act of 1974 ("ERISA") the Vietnam Era Veterans Readjustment Assistance Act of 1974 ("VEVRAA"), state law claims for violation

of the Kansas Act Against Discrimination, wrongful and/or retaliatory discharge, willful and malicious injury, and malicious prosecution. (*See* Doc. 64-1, at 2-3.) The Court **DENIES** Plaintiff's motion in its entirety as set forth below.

## BACKGROUND

Plaintiff, who was born in 1968, was formerly employed by Defendant. That employment was terminated on June 1, 2011.

Plaintiff, who represents himself *pro se*, filed the present case in the Southern District of New York alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") by his former employer in the termination of his employment, failure to accommodate his alleged disability, unequal terms and conditions of employment, and retaliation. (*See generally* Doc. 2.) The case was transferred to the District of Kansas on December 11, 2012, because the alleged wrongful employment practices occurred in Wichita. (Doc. 7.)

Defendant filed its bankruptcy Petition in the Bankruptcy Court of the Southern District of New York on May 3, 2012. Pursuant to the Order of that Court, all Proofs of Claims were required to be filed by September 14, 2012. (Doc. 29.) The "Stipulation and Agreed Order Modifying the Plan Injunction with Respect to Certain Former Employee Claimant" filed in the Bankruptcy Court on

May 17, 2013, had the limited purpose of allowing Plaintiff to liquidate the claims then pending in the present case. (Doc. 29-1.) The stipulation does not authorize additional or new claims against Defendant. (*Id*.)

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir. 1993).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Nkemakolam v. St. John's Military School***, 890 F.Supp.2d 1260, 1261-62 (D. Kan. 2012); ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see also* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). In light of United States Supreme Court precedent, the Tenth Circuit has restated the standard for ruling on motions to dismiss under Fed.R.Civ.P. 12(b)(6),

3

and now looks at what is described as a "plausibility" standard. *Nkemakolam*, 890 F.Supp.2d at 1262. As this Court explained the plausibility standard in *Nkemakolam*,

> the Supreme Court has recently 'clarified' this standard, stating that 'to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.' [*Robbins v. Oklahoma*, 519 F.3d 1242], at 1247 (*quoting **Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, '[f]actual allegations must be enough to raise a right to relief above the speculative level,' *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, so that '[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.' *Robbins*, 519 F.3d at 1247. Under this standard, 'a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss.' *Smith* [ *v. U.S.*], 561 F.3d [1090] at 1098 [(10th Cir.2009) ]. Therefore, a plaintiff must 'frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief.' *Robbins*, 519 F.3d at 1247 (*quoting **Twombly***, 550 U.S. at 556, 127 S.Ct. 1955).

*Id.* Within this context, the Court will review each of Plaintiff's requested amendments.

**A. Vietnam Era Veterans's Readjustment Assistant Act**.

Plaintiff's memorandum indicates that he is seeks to bring this action pursuant to the Vietnam Era Veterans' Readjustment Assistance Act of 1974, among other legal authority. (Doc. 64-1, at 3.) It is uncontested that Plaintiff is

4

not a United States military veteran. Also, having been born in 1968, Plaintiff could not have served during the Vietnam War. Simply stated, Plaintiff is not protected by this statute. Further, this Act does not provide a private and independent cause of action. *See* **Ledbetter v. City of Topeka**, 112 F.Supp.2d 1239, 1242 (D. Kan. 2000). Plaintiff's request to amend his Complaint relating to VEVRAA is **denied** as futile.

**B.** **Executive Order 11246**.

Plaintiff's initial memorandum makes several references to his action being brought pursuant to Executive Order 11246. (Doc. 64-1, at 2, 3, 7, 16.) This Executive Order "requires that federal contractors provide in all nonexempted government contracts a clause that, among other things, prohibits contractors from discriminating on the basis of race and requires the contractors to take 'affirmative action' to ensure that employees are hired without regard to race." **Riggs v. Boeing Co**., No 98-2091-JWL, 1999 WL 233285, at *1 (D. Kan. March 4, 1999). *See also* Executive Order 11246, *reprinted in* 42 U.S.C. § 2000e note at 24–29 (1994). The **Riggs** decision held that "virtually every federal court to consider the issue has held that Executive Order 11246 does not provide a private right of action." 1999 WL 233285, at *1. Plaintiff's request to amend his Complaint relating to Executive Order 11246 is **denied** as futile.

5

## C. Title III of the ADA.

Plaintiff also indicates that he intends to assert a cause of action for alleged violations of Title III of the ADA. (Doc. 64-1, at 2-3, 12.) This portion of the Americans with Disabilities Act prohibits disability discrimination in places of public accommodation. *See* 42 U.S.C. § 12182(a). Defendant is a factory/manufacturing company, not a "place of public accommodation" under the ADA. Plaintiff's request to amend is **denied** as futile in regard to Title III of the ADA.

## D. Title VII of the Civil Rights Act of 1964.

Plaintiff's initial memorandum also makes several references to causes of action being brought pursuant to Title VII of the Civil Rights Act of 1964. (Doc. 64-1, at 2, 3, 7, 16.) Title VII prohibits employment discrimination based on race, sex, color, religion, or national origin. 42 U.S.C. § 2000e *et seq*. Plaintiff has not alleged that he belongs to any of the classes protected by Title VII or that he was the victim of discrimination based on these protected classes. Further, Plaintiff's agency charge of discrimination included only allegations of disability discrimination, which is covered by the ADA, not Title VII. The time has expired for Plaintiff to file a timely charge of discrimination relating to his employment, which ended in June of 2011. As such, he has not exhausted his administrative

remedies relating to any potential Title VII claims and his requested amendment must be **denied** as futile.

E.   **Sections 503 and 504 of the Rehabilitation Act**.

Plaintiff's brief also references causes of action arising under Sections 503 and 504 of the Rehabilitation Act. (Doc. 64-1, at 2, 3, 7, 16.) Section 503 of the Rehabilitation Act, 29 U.S.C. § 793, does not provide for a private cause of action. ***Jones v. United Parcel Service, Inc***., 378 F.Supp.2d 1312, 1313 (D.Kan. 2005). As such, Plaintiff's request to amend relating to Section 503 is **denied** as futile.

Section 504, on the other hand, does provide for a private cause of action for disability discrimination "under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. While Defendant does have certain contracts with the United States, Defendant does not receive "Federal financial assistance." Plaintiff's request to amend relating to Section 504 is **denied** as futile.

F.   **ERISA**.

Plaintiff's brief makes multiple references to claims brought pursuant to ERISA, 29 U.S.C. § 1001, *et seq*. (Doc. 64-1, at 2, 7, 16.) Defendant argues that "there is nothing in plaintiff's motion that provides any hint as to why he believes defendant has violated ERISA." (Doc. 76, at 17-18.) The Court agrees. Further, potential ERISA claims would exceed the scope of the Bankruptcy Court's

stipulation. Plaintiff's request to amend to include claims arising under ERISA is **denied** as futile.

**G.     Harassment, Intimidation, Hostility**.

Page 17 of Plaintiff's brief enumerates a proposed cause of action for "harassment, intimidation and hostility" relating to his disability. (Doc. 64-1, at 17.) Any claims for disability *harassment* are separate and distinct from claims for disability *discrimination* and, as such, claims for harassment are required to be included in a plaintiff's administrative charge with the EEOC and/or KHRC. *Cf. Fisher v. University of Kansas Facilities Operations*, No. 10-4102-DJW, 2011 WL 5868349, at *4-7 (D. Kan. Nov. 22, 2011) (drawing this conclusion in regard to the distinction between claims for race discrimination versus those for racial harassment). Allegations of disability discrimination are contained in Plaintiff's administrative filing while allegations of disability harassment are not. The time has expired to file a timely charge of harassment relating to Plaintiff's employment. Thus, Plaintiff's request to amend his Complaint to include such claims is, therefore, **denied**.

**H.     Wrongful/Retaliatory Discharge**.

Plaintiff "alleges the state law tort of wrongful and/or retaliatory discharge as an alternative to his federal law retaliation claim." (Doc. 64-1, at 3.) Defendant

argues that "[p]ermitting such an amendment would be futile because plaintiff has an adequate statutory remedy, which precludes a common law claim." (Doc. 76, at 21.) The Court agrees that Plaintiff has raised a claim for retaliation falling under the Americans with Disabilities Act and that the ADA precludes a separate tort recovery under Kansas common law. *See* **Conner v. Schnucks Markets, Inc**., 121 F.3d 1390, 1399 (10th Cir. 1997) (holding that common law causes of action for retaliation are precluded when the plaintiff is protected by a federal statutory right). Plaintiff's request to amend his Complaint to include a common law wrongful/retaliatory discharge claim is, therefore, **denied**.

I. **Malicious Prosecution and Injury**.

Plaintiff "also alleges state law torts of willful and malicious injury and prosecution as an alternative to defendants." (Doc. 64-1, at 3.) The Kansas Supreme Court has held that a claim for malicious prosecution requires the following five elements be established:

> (1) Defendant initiated, continued, or procured the proceeding of which complaint is made; (2) defendant in doing so acted without probable cause; (3) defendant acted with malice; (4) the proceedings terminated in favor of plaintiff; and (5) plaintiff sustained damages.

**Lindeman v. Umscheid**, 255 Kan. 610, Syl. ¶ 7, 875 P.2d 964 (1994). The Court agrees with Defendant's contention that Plaintiff's requested amendment is futile

because Plaintiff has initiated proceedings against Defendant, not the other way around. Plaintiff's requested amendment is **denied**.

The Court also **denies** Plaintiff's request to add a claim for "willful and malicious injury." The Court is aware of any authority recognizing such a cause of action. As such, the proposed amendment is futile.

**J.     Tort of Outrage**.

Plaintiff seeks to add a claim for the tort of outrage, which is also known as intentional infliction of emotional distress. (Doc. 64-1, at 18.) In order to prevail on such a claim, Plaintiff mush prove the following:

> (1) The conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe.
>     Liability for extreme emotional distress has two threshold requirements which must be met and which the court must, in the first instance, determine: (1) Whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery; and (2) whether the emotional distress suffered by plaintiff is in such extreme degree the law must intervene because the distress inflicted is so severe that no reasonable person should be expected to endure it.
>     Conduct that rises to the level of tortious outrage must transcend a certain amount of criticism, rough language, and occasional acts and words that are inconsiderate and unkind. The law will not intervene where someone's feelings merely are hurt. In order to

> provide a sufficient basis for an action to recover for emotional distress, conduct must be outrageous to the point that it goes beyond the bounds of decency and is utterly intolerable in a civilized society.

*Lopez-Aguirre v. Board of County Comm'rs of Shawnee Co.*, 2013 WL 1668239 (D.Kan. April 17, 2013) (quoting *Valadez v. Emmis Communs.*, 290Kan. 472, 476-77 (2010) (citations omitted)). The Court agrees with Defendant that Plaintiff's allegations of discrimination do not rise to the level of outrage. Further, there are no allegations establishing that the emotional distress suffered by Plaintiff, if any, is so extreme that the Court must intervene because "no reasonable person should be expected to endure it." *Id*. Plaintiff's request to amend his Complaint to include the tort of outrage is **denied**.

**K.     False Claims Act**.

Finally, Plaintiff contends that he should be allowed to add a claim against Defendant under the False Claims Act. While the Court acknowledges Defendant's request that the Court strike Plaintiff's request pursuant to D. Kan. Rule 7.1, the Court will address this issue substantively.

The factual allegations relating to a False Claims Act claim contained in Plaintiff's second memorandum occurred before Defendant filed for bankruptcy. (*See generally* Doc. 64-2.) Defendant argues that "[b]ecause plaintiff failed to file any timely Proof of Claim regarding his allegation of false claims, he is precluded

from pursuing such a claim now." (Doc. 76, at 27.) The Court agrees. *See* Fed.R.Bkrcy.P. 3003(c)(2). As such, Plaintiff's request to amend to include a cause of action under the False Claims Act is **denied** as futile.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Leave to File First Amended Complaint" (Doc. 64) is **DENIED** as set forth above.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 14th day of January, 2014.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge