# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HAROLD M. NYANJOM, )
)
           Plaintiff, )
)
vs. ) Case No. 12-1461-JAR-KGG
)
HAWKER BEECHCRAFT, INC., )
)
           Defendant. )
)

## **MEMORANDUM & ORDER**

This case is before the Court on Defendant's "Motion for Order Requiring Plaintiff to Sign Authorization for Social Security Administration Records." (Doc. 120.) After reviewing the submissions of the parties, the Court **GRANTS** Defendant's motion as more fully set forth below.

The background of this disability discrimination case was recently summarized in this Court's Memorandum & Order (Doc. 127) denying Plaintiff's Motion to Compel (Doc. 91). That summary is incorporated herein by reference.

Defendant contends that Plaintiff's ability to prove that he was able to perform the essential functions of his job, with or without reasonable accommodation, "may be impaired by the fact that the applied for and received Social Security disability benefits, which requires a representation that the

applicant is unable to work at any job." (Doc. 120, at 2.) Defendant previously filed a notice of intent to issue a subpoena to the Social Security Administration ("SSA"). (Doc. 53.) Plaintiff filed a motion to quash the subpoena (Doc. 58), which was denied by this Court on January 20, 2014 (Minute Order, Doc. 114). The Minute Order stated

> The Defendant has demonstrated that the documents requested in the subpoena are relevant to the issues in this case, or reasonably calculated to lead to relevant evidence (Fed.R.Civ.P. 26(b)(1)) and that the request is reasonably limited. All documents received pursuant to the subject subpoena shall be deemed confidential and subject to the Protective Order (Doc. 45). The Motion is Denied.

(Doc. 114.)

Defendant filed the return of service of the subpoena to the SSA on January 15, 2014. (Doc. 117.) The next day, citing case law and federal regulations, the SSA sent correspondence to defense counsel stating it was prohibited from releasing information responsive to the subpoena without a release signed by Plaintiff. (Doc. 120-1.) The SSA suggested Defendant request the Court to order Plaintiff to sign such a release. (*Id.*)

Defendant brings the present motion requesting an Order requiring Plaintiff to sign an authorization. (Doc. 120.) Plaintiff responds that although the Court denied his motion to quash the subpoena, the Court "did not <u>specifically issue an</u>

order to the SSA (signed by the sitting judge) to produce such documents . . . ." Doc. 122, at 5 (emphasis in original).)[1]

On previous occasions, the undersigned Magistrate Judge has refused to order a party to execute a Consent For Release of Information to the Social Security Administration. *See* **Kear v. Kohl's Dept. Stores, Inc**., No. 12-1235-JAR-KGG, 2013 WL 3088922, *4 (D.Kan. June 18, 2013). The Court finds the situation in **Kear** distinguishable because the defendant therein did not attempt to employ the procedure contemplated by Rule 45. *Id*. Rather, the defendant requested the signed release as part of a response to an interrogatory and a subsequent motion to compel discovery responses. In the present case, Defendant has complied with the procedure set forth by Rule 45, but the producing federal government agency states it is statutorily prohibited from providing the information absent a signed release and specifically requests the Court enter "an order requiring the **individual** to authorize SSA to release the information." (Doc. 120-1, at 3 (emphasis in original).) The Court has discretion to require the signing of a release of Social Security records when the agency cannot comply with the

---

[1] Plaintiff infers that because the Court's Order denying the motion to quash was a text entry, it did not have the legal authority of a written Order from the undersigned Magistrate Judge. This is incorrect. The Court found in that Order that the request was relevant.

subpoena.  *Rodriguez v. IBP, Inc*., 243 F.3d 1221 (10th Cir. 2001), *cert. denied* 534 U.S. 1055 (2001); *Nelson v. The Farm, Inc*., 2008WL15801 (D. Kan. 2008); *EEOC v. Thorman & Wright Corp*., 243 F.R.D. 426 (D. Kan. 2007).  The Court therefore **GRANTS** Defendant's motion.  (Doc. 120.)  The Court **ORDERS** Plaintiff to execute the release form (Doc. 120-2) and return it to defense counsel within two weeks of the date of this Order.

    **IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 74.) is **GRANTED**.

    **IT IS SO ORDERED.**

    Dated this 25th day of February, 2014, at Wichita, Kansas.

    s/ KENNETH G. GALE
    KENNETH G. GALE
    United States Magistrate Judge