IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HAROLD M. NYANJOM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HAWKER BEECHCRAFT, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 12-1461-JAR-KGG |

## **MEMORANDUM & ORDER**

Now before the Court is Defendant's Motion to Compel Responses to Defendant's Discovery Requests. (Doc. 108.) After extensive conferring by the parties, the Court held a telephonic conference with the parties to address the issues prior to Defendant filing the present motion.[1] (Minute Entry, Oct. 3, 2013.) Plaintiff did not follow many of the guidelines the Court gave him during that conference. Defendant subsequently filed the present motion. A hearing was held on May 20, 2014, at which the Court reached the certain conclusions and explained in detail the rulings which are contained herein. **GRANTING in part** and **DENYING in part** Defendant's motion. Such conclusions are more fully set forth

---

[1] The background of this case has been summarized numerous times. The facts outlined in Doc. 127, at 1-2 are incorporated herein by reference.

below.

## I. REPEATED DEFICIENCIES IN PLAINTIFF'S DISCOVERY RESPONSES.

### A. Boilerplate Objections.

This Court has repeatedly condemned the use of "boilerplate" or blanket objections. *Sellers v. Wesley Medical Center*, No. 11-1340-JAR-KGG, 2012 WL 5362977, at *2 (D. Kan. Oct. 31, 2012) (citing *Gheesling v. Chater*, 162 F.R.D. 649 (D. Kan. 1995)). Those are general objections either not linked to a specific request,[2] or objections within a specific request but which are so general in nature that the requesting party cannot determine whether information or documents are being withheld pursuant to the objection.

Objections of this type do not provide the requesting party or the Court any way to evaluate the validity of the objection, or any way to know whether or not information is being withheld pursuant to the objection. Generally, such objections can be easily spotted because they either appear as General Objections not linked to a specific request, or they are worded as objections "to the extent" or "insofar as" the request is objectionable. An answer "subject to" such objection is

---

[2] Examples are those sections entitled "Preliminary Statement," "Objections to Instructions and Definitions," and "General Objections" enumerated in Plaintiff's amended discovery responses. The Court reviewed these with the parties at the hearing and the vast majority were stricken. (*See* Doc. 108-3, at 2-11, 93-96.)

incomplete. The undersigned generally views such objections as improper and ineffective to preserve any valid objections.

At the hearing, the Court specifically noted, and ordered stricken, such objections in Plaintiff's responses. Because the Plaintiff has been provided numerous opportunities to clarify and remove these objections, including a previous explanation by the Magistrate Judge during the informal pre-motion conference, Plaintiff will not be permitted to re-word those objections or narrow them to a specific request.[3] The Court overrules and strikes all such boilerplate objections. The Court further orders supplemental answers not restricted by the objections, as discussed at the hearing.

**B.      Superfluous Objections.**

These objections are identified by statements of the obvious, such as the responder will not provide documents outside of his possession, custody or control. Another example is a proviso that the responder does not concede the relevance or admissibility of a document by producing it. These principals are true whether stated or not. Thus, such statements should be avoided.

In most cases the requesting party might simply ignore such a proviso.

---

[3] Plaintiff also argued that Defendant has used similar objections in this case. The Court acknowledged that while this may be true, Plaintiff did not file a discovery motion relating to Defendant's use of such objections, thus that issue did not come before the Court.

However, coupled with the overall evasive nature of the Plaintiff's responses in this case, they add to the requestor's, and the Court's, discomfort concerning the completeness of Plaintiff's discovery responses. For clarity, the Court struck those objections. The objections were not "overruled" because they are not incorrect statements of the law.

### C. Reserving the Right to Supplement or Amend Responses.

Statements contained in a party's discovery responses reserving the right to amend or supplement are mostly in the category of superflua. The duty to amend is described in Fed.R.Civ.P. 26(e). This duty need not be repeated, and cannot be expanded, by proviso or objection.

In some instances, Plaintiff urges that his failure to produce evidence not foreclose him from using the evidence at trial. This assertion is both improper and futile. The failure to produce evidence in discovery may very well bar the use of such evidence at trial. Such a determination will, however, be made by the District Judge if and when the issue is raised during trial. To avoid confusion, the Court strikes these objections and references in the responses.

### D. Privilege Objections.

Privilege objections stated by Plaintiff but not tied to a particular request are improper, general, or boilerplate, and are hereby stricken. As to privilege objections made within specific questions, Plaintiff has failed to provide the

required privilege log. *See* Fed.R.Civ.P. 26(b)(5)(A). Those objections are, therefore, waived.

While the Court might, especially with a *pro se* litigant, provide another chance to provide such a log, in this case the need for the log has been previously explained to Plaintiff by defense counsel and the Court. Additionally, there is no "*pro se* litigant," privilege as asserted by Plaintiff. Further, no facts are presented by Plaintiff, who does not have an attorney in this case, to support his various assertions of the attorney-client privilege. Those objections are also overruled.

### E. Objections to the Production of Documents not in Plaintiff's Possession or that are in the Possession of Others.

The Federal Rules of Civil Procedure specifically require only that a party provide documents within his "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). A general boilerplate objection is not necessary to preserve this limitation, and is stricken as surplusage.

Further, Plaintiff may not alter, by general objection or qualification, what sort of documents the rules consider within his control. The Court is concerned that language in his responses would seem to attempt to narrow the definition of what he is considered to "control." While not exhaustive, Plaintiff is advised that documents which belong to him in the possession of, for example, his attorney or accountant, would be within his control. Documents in the possession of a state

agency, on the other hand, are not in this control just because he could take steps to obtain the documents.

In this regard, however, Plaintiff is warned that if documents he later intends or expect to use at trial are not produced during the discovery period the trial court may rule that he is not allowed to use the documents at trial. This sort of objection may be proper when the Plaintiff is asked to produce a document which is not in his possession.

If a document is within the Plaintiff's possession, custody or control, it is not a valid objection that the document is also a matter of public record, easily accessible by the Defendant, or even in already in the Defendant's possession. In the latter instance, it may be acceptable to identify the document in the response rather than provide an actual copy.

## II. SPECIFIC RULINGS AND INSTRUCTIONS

The following sections reference sections of "PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF FIRST COMBINED INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS." (Doc. 108-3; Doc. 86).

### A. Preliminary Statement.

The first section of Plaintiff's responses is entitled "PRELIMINARY STATEMENT." (*Id.*, at 2-6.)

Paragraphs 2 and 3 are STRICKEN as superfluous.  (*See* Section I. B, above.)

Paragraph 3 is STRICKEN as an incorrect statement.  (*See* Sections I. C and F, above.)

Paragraph 4 (and the first paragraph 5) is STRICKEN as superfluous, and as an improper attempt to modify the requirements of the Federal Rules of Civil Procedure.  (*See* Section I. E, above.)

The second paragraph 5 is STRICKEN as superfluous.  (*See* section I. B, above.)

The third paragraph 5 is STRICKEN.  (*See* Section I. E, above).

Paragraph 7 is STRICKEN as an improper limitation on the duty to produce documents in Plaintiff's possession, custody or control.  (*See* Section I. E, above).

Paragraph 8 is STRICKEN as superfluous.  The protection of inadvertently produced privileged information is addressed in Fed.R.Civ.P. 26(b)(5)(B), and in the parties' agreed Protective Order (Doc. 45, ¶ 10).  Those provisions need not be repeated, and may not be altered, in this response.  Plaintiff cannot "reserve" a right not to produce, or to redact, privileged documents without a proper, specific privilege objection and required privilege log.

Paragraphs 9 and 10 are STRICKEN as superfluous. (*See* Section I. B, above.)

Paragraph 11 is STRICKEN and OVERRULED as a superfluous and, as to the last sentence, an improper boilerplate objection. (*See* Sections I. A and B, above).

Paragraph 12 is STRICKEN as superfluous. (*See* Sections I. B and C, above.)

Paragraph 13 is STRICKEN and OVERRULED as an improper boilerplate objection. (*See* Section I. A, above.) Objections to the requestor's instructions and definitions must be directed to the specific instruction or definition. Generally, such instructions and definitions are proper if they do not render specific requests objectionable.

**B.     Objections to Instructions.**

The next section of the submission is entitled OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS. (Doc. 108-3, at 7-8.)

The objections (paragraphs 1-4) to the requestor's definitions numbers 1 through 6 are OVERRULED.

The privilege objections in paragraph 4 are OVERRULED as improper boilerplate objections and waived for failing to provide a privilege log. (*See* sections I. A and C, above.)

The objection in paragraph 5 is OVERRULED. (*See* section I. A, above.)

**C.     Objections to Interrogatories.**

Next are Plaintiff's "General Objections" to Defendant's Interrogatories. (Doc. 108-3, at 9-12). These are overruled in their entirety as boilerplate. (*See* Section I. A, above.)

Defendant disputes certain objections Plaintiff has raised in response to particular Interrogatories. Plaintiff's objections to Interrogatory No. 2 are OVERRULED, including Plaintiff's privilege objections. Plaintiff shall supplement this interrogatory with actual names as requested. Plaintiff is warned that a failure to provide a name may result in the exclusion of the witness at trial.

The overbreadth objection to Interrogatory No. 6 is SUSTAINED IN PART. The request is deemed limited to demand letters, claims, and/or lawsuits made or filed. The remaining objections are OVERRULED.

The objections to Interrogatories No. 7 are OVERRULED. Plaintiff's response, however, shall be limited to civil litigation that has occurred since he has turned 21 years old. Plaintiff is ordered to supplement his responses accordingly.

The objections to Interrogatories Nos. 9, 10, 11, 12, 13, and 14 are OVERRULED. Plaintiff is ordered to supplement his responses accordingly.

Plaintiff's overbreadth objection to Interrogatory No. 15 is SUSTAINED. No further response to this interrogatory is required.

Plaintiff's objections to Interrogatory No. 16 are OVERRULED. Plaintiff is ordered to supplement his response. Plaintiff is reminded that his prior response

focus on why he did not, or was unable to, receive treatment. It does not state whether or not he actually received any relevant treatment. He is instructed to answer accordingly.

Plaintiff's overbreadth objection to Interrogatory No. 17 is SUSTAINED. No further response to this interrogatory is required.

The objections to Interrogatory Nos. 18, 20, 21, 22, and 23 are OVERRULED. Plaintiff's responses insufficient and he is ordered to supplement the same. In regard to Interrogatory No. 18, Plaintiff is reminded that legal conclusions are not the facts supporting his claims.

Plaintiff's objections to Interrogatory Number 24 regarding his damages is OVERRULED. He is ordered to provide any such calculations he may have. Plaintiff is instructed that the failure to calculate his damages may make it impossible for him to prove such damages at trial.

**C.     Objections to Document Requests.**

Plaintiff's also includes "General Objections" to Defendant's Requests for Production. (Doc. 108-3, at 93-96). These are overruled in their entirety as boilerplate. (*See* Section I. A, above.)

Next, Defendant disputes certain objections Plaintiff has raised in response to particular document requests. Plaintiff's objections to Request No. 1 are OVERRULED. He is ordered to provide a thorough and supplemental response.

In regard to Request No. 2, Plaintiff is instructed to correct the clerical error referring to documents in "defendant's possession . . . ."

In regard to Request No. 3, the Court instructs Plaintiff that confidential does not mean that documents are not to be produced. Plaintiff's objections are OVERRULED and such documents are to be produced subject to the Protective Order entered in this case. The Protective Order does not protect documents from discovery. It merely determines how the parties will treat such documents after production.

As to Request No. 4, Plaintiff's answer is sufficient. His objections are, however, improper and are hereby stricken. He need not provide an additional, supplement response, however.

In regard to Requests Nos. 5, 6, and 7, Plaintiff states that the only applications he has made were to Defendant. Plaintiff is instructed to clarify his responses to these discovery requests accordingly.

Plaintiff's objections to Request No. 15 are OVERRULED. He has informed the Court that there are no such prescriptions and therefore no responsive documents. He is, therefore, instructed to respond accordingly.

The Court SUSTAINS Plaintiff's objections to Request No. 16. No further response is required.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 108) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

Plaintiff has until **June 20, 2014**, to provide Defendant with supplemental responses that comply with this Order as well as with any additional instructions he was given at the hearing on Defendant's motion. Plaintiff shall make said responses **without objection**, including reiterating any prior objections or raising any and all new objections. Further, Plaintiff's repeated failure to provide a privilege log has resulted in the waiver of all privilege objections. No documents shall be withheld on the basis of privilege and no privilege objections shall be included. To the extent documents are provided or have previously been provided in response to a discovery request, Plaintiff shall identify which documents are responsive to which particular discovery requests.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2014, at Wichita, Kansas.

        S/ KENNETH G. GALE
        HON. KENNETH G. GALE
        U.S. MAGISTRATE JUDGE